Bradley, J.
the plain tiff pur chased an interest in the patent for “ Howe’s Lift and Force Pump,” and thus acquired the right to manufacture and sell such pump.
He thereafter made the contract with defendant who had experience in work of that character to make for him one hundred pumps, at the price of $4.40 each, and they to be made similar to a sample pump referred to. The defendant proceeded to make the pumps. And the plaintiff took ten, then fifteen, then twenty-five and paid for them. The defendant manufactured and completed the other fifty. These the plaintiff did not take, but brought this action, alleging that the first fifty were not constructed as the contract required ; that damages resulted to *428 tbe plaintiff as the consequence, and that the defendant did not construct the additional fifty pumps within the time required •by the contract. For these alleged breaches the plaintiff claimed damages. And the defendant sought to recover for the fifty pumps, which the plaintiff had not taken. The- plaintiff had stipulated for pumps to be manufactured of a particular style, and in workmanlike manner. And he was not required to accept them if they failed in any essential respect to correspond with those contracted for.
The referee found, and such finding is supported by the evidence, that the plaintiff accepted the first fifty pumps manufactured, and that there was no express warranty. In that view no remedy survived the acceptance by the plaintiff of the pumps, unless some defect existed which could not be discovered or determined by examination, but could be ascertained only by use. Gaylord Mfg. Co., v. Allen, 53 N. Y., 515. Gurney v. A. & G. W. Ry. Co., 58 N. Y., 358. The liability to damages of the seller of an article manufactured by him, upon the implied warranty that it is free from any -latent defect in the process of manufacture rests upon a different principle. Hoe v. Sanborn, 21 N. Y., 552.
The referee found that, subject to the modifications made by the direction of the plaintiff, the first fifty pumps were substantially as required by the contract, but that when put into use, it was found that the packing in some of them was defective, and he allowed to the plaintiff by way ., of damages, the expense of repacking and resetting some of the pumps. He also found that the last fifty pumps were constructed in such manner as to substantially comply with the contract, and the plaintiff- was not justified in his refusal to accept and pay for them.
There was some conflict of evidence in respect to the manner of construction of the pumps, the quality and fitness of the leather used for the packing etc. ; the cause which made the packing ineflicient, and what took place, and was said between the parties at the commencement and during the progress of the work of manufacturing the pumps . by the defendant. And if the evidence on the part of the defendant fairly represented the truth, it justified the findings of the referee, in all the respects requisite to support the conclusion reached by him. This conflict of evidence presented a question of fact for the referee. And in view of the opportunity had by him at the trial to determine the apparent force of the testimony of the witnesses, we cannot say, that he has not correctly found the facts arising out of such conflict or that his con elusion is so against the weight of the evidence in respect to any essential fact as to justify the disturbance of the result given by the referee.
The judgment should be affirmed.
Haight and Ahghe, J. J., concur.